**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

Trent Baker
Baker & Associates PLLC
358 S 700 E B154
Salt Lake City, UT 84102
801-618-3359 office
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, ALFWEAR, INC.*

| | |
|---|---|
| **ALFWEAR, INC.** | |
| *Plaintiff,* | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| v. | |
| **L. L. BEAN, INC.** | **JURY TRIAL DEMANDED** |
| *Defendant.* | Civil Action No.   2:17-cv-01100-EJF |

Magistrate Judge Evelyn J. Furse

**COMPLAINT**

Plaintiff Alfwear, Inc. ("ALFWEAR") for its Complaint against Defendant L. L. BEAN, INC.

("BEAN") states and alleges as follows:

**THE PARTIES**

1. Plaintiff ALFWEAR is a Utah company with a principal place of business at 4884 South 300 West

Murray, Utah 84107.

2. Upon information and belief, Defendant BEAN is a Maine Corporation with a principal place of

business at 184 Main Street Lewiston, Maine 04240.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims under the Lanham Act.

4. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) - (c) and 1400(b) because BEAN'S contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this district.

5. The Court has person jurisdiction over BEAN in this action because BEAN has had, and continues to have, substantial, continuous and systematic contacts with the State of Utah, and thus have purposefully availed themselves of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

**BACKGROUND FACTS**

6. ALFWEAR owns all rights, title and interest in U.S. Trademark Registration No. 5,253,591 (See Exhibit A) for the mark THE OUTSIDER (words only) for "Rugged Outdoor Clothing, namely, Belts, Bottoms, Hats, Jackets, Pants, Shirts, Shorts, T-shirts. Tops" in International Class 025, which was registered on August 1, 2017.   ALFWEAR has been selling clothing under THE OUTSIDER mark since at least as early as June 22, 2015.

7. BEAN began a clothing related marketing campaign using the phrase BE AN OUTSIDER involving the distribution of their clothing catalog (See Exhibit B) and website (See Exhibit C).

8. A letter has been sent to BEAN notifying them of this legal action and requesting immediate cease of use of the word OUTSIDER in connection with clothing to avoid customer confusion (See Exhibit D).

## CLAIM FOR RELIEF

### Federal Trademark Infringement

9. ALFWEAR repeats and realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 8 of this Complaint.

10. ALFWEAR, in order to protect THE OUTSIDER mark and put the whole world on notice, filed for and obtained U.S. Trademark Registration No. 5,253,591 (See Exhibit A) for the mark THE OUTSIDER (words only) for ""Rugged Outdoor Clothing, namely, Belts, Bottoms, Hats, Jackets, Pants, Shirts, Shorts, T-shirts. Tops" in International Class 025 which was registered on August 1, 2017.   ALFWEAR has been selling clothing under the THE OUTSIDER mark since it least as early as June 22, 2015.

11. ALFWEAR's clothing is sold through retailers throughout the United States and in other parts of the world, particularly in retailers that handle quality clothing.

12. Without ALFWEAR's consent, BEAN has used the word or words BE AN OUTSIDER in association with various goods and/or services, including the sale of clothing.

13. BEAN's actions are likely to lead the public to incorrectly conclude that BEAN's goods or services originate with, or are authorized by, ALFWEAR, which will damage both ALFWEAR and the public.

14. Upon information and belief, BEAN has advertised, offered, and sold goods or services in interstate commerce under the BE AN OUTSIDER phrase with the intention of misleading, deceiving or confusing customers as to the origin of BEAN's goods or services while trading on ALFWEAR's reputation and good will.

15. ALFWEAR has requested in writing that BEAN cease and desist from its infringing actions (see Exhibit D).

16. BEAN's unauthorized use of BE AN OUTSIDER in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause customer confusion, mistake and/or deception.

17. As a direct and proximate result of BEAN's trademark infringement, ALFWEAR has suffered and will continue to suffer loss of income, profits and good will, and BEAN has and will continue to unfairly acquire income profits and good will.

18. BEAN's acts of infringement will cause further irreparable injury to ALFWEAR if BEAN is not restrained by this Court from further violation of ALFWEAR's rights.  ALFWEAR has no adequate remedy at law.

## Count 2
## Federal Unfair Competition

19. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 1 through 18, inclusive, as though fully set forth.

20. As a second ground for relief, ALFWEAR alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. BEAN's unauthorized use of BE AN OUTSIDER in association with various goods and services including clothing constitutes a false designation of origin, and/or false representation, that wrongfully and falsely indicates BEAN's goods or services as originating from, or connected with, ALFWEAR and constitutes a use of false descriptions or representations in interstate commerce.

22. BEAN's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

23. As a direct and proximate result of BEAN's unfair competition, ALFWEAR has suffered and will continue to suffer loss of income, profits and goodwill, and BEAN has and will continue to unfairly acquire income, profits and goodwill.

24. BEAN's acts of unfair competition will cause further irreparable injury to ALFWEAR if BEAN is not restrained by this Court from further violation of ALFWEAR's rights.  ALFWEAR has no adequate remedy at law.

**Count 3**
**Common Law Unfair Competition**

25. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 1 through 24, inclusive as fully set forth.

26. As its third ground for relief, ALFWEAR alleges a violation of common law unfair competition.

27. BEAN's actions of using BE AN OUTSIDER in association with various goods and services including clothing constitutes common law unfair competition.  ALFWEAR has no adequate remedy at law for damages caused by such common law unfair competition.

**ALLEGATION OF DAMAGE**

28. By reason of BEAN's acts alleged herein, ALFWEAR has and will suffer damage to its business, reputation and good will, and loss of sales or profits that ALFWEAR would have made but for BEAN's acts.

29. BEAN may continue to perform the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ALFWEAR's irreparable damage.   It will be difficult to ascertain the amount of compensation that would afford adequate remedy for such continuing acts, but such damage is in excess

of the jurisdictional amount of this Court.   ALFWEAR's remedy at law is not adequate to compensate it for its injuries threatened.

### PRAYER FOR RELIEF

WHEREFORE, ALFWEAR prays that the Court enter an Order granting the following relief:

a.      Entering a judgment that ALFWEAR's THE OUTSIDER mark has been and continues to be infringed by BEAN in violation of 15 U.S.C. § 1114(1);

b.      Entering a judgment that BEAN's use of BE AN OUTSIDER in association with various goods and services including clothing violate common law unfair competition and infringes ALFWEAR's common law trademark rights;

c.      Permanently enjoining and restraining BEAN and each of its agents, officers, employees, attorneys, successors, assigns, affiliates and other persons in privy or active concert or participation with any of them from using the phrase BE AN OUTSIDER, or any other designation, alone or in combination with other words or symbols, as a service mark, trade name or otherwise to market, advertise, distribute or identify BEAN's services or goods, where that designation would create a likelihood of confusion, mistake or deception with ALFWEAR's mark;

d.      Pursuant to 15 U.S.C. § 1116(a), directing BEAN to file with the Court and serve on ALFWEAR within thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which BEAN has complied with the injunction;

e.      Pursuant to 15 U.S.C. § 1118, requiring BEAN and all others under BEAN's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing BE AN OUTSIDER;

f.      Ordering BEAN to remove the use of BE AN OUTSIDER from any publications, advertisements, or websites;

g.      Awarding ALFWEAR all damages it sustained as a result of BEAN's acts of infringement or unfair competition, said amounts to be tripled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

h.      Awarding to ALFWEAR all profits received by BEAN from sales or revenues of any kind made as a result of BEAN's infringing actions, said amount to be tripled, after an accounting pursuant to 15 U.S.C. § 1117;

i.      Awarding triple actual damages and/or profits pursuant to 15 U.S.C. § 1117(b) because BEAN's conduct was willful within the meaning of the Lanham Act;

j.      Awarding ALFWEAR its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from BEAN's deliberate infringing actions;

k.      Granting ALFWEAR such other and further relief to which the Court may deem just.

DATED: October 2, 2017

Respectfully submitted,

Trent Baker on behalf of ALFWEAR INC.
Trent H. Baker, *attorney for plaintiff*
Utah State Bar No. 8799

BAKER & ASSOCIATES PLLC
Registered Patent Attorney
358 S 700 E B154
Salt Lake City, Utah 84102

Phone 801-618-3359
Fax 801-665-1358
trent@bakeriplaw.com