IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| ALFWEAR, INC.,<br><br>                Plaintiff,<br>v.<br><br>L.L. BEAN, INC.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>Case No. 2:17-cv-1100 DAK BCW<br><br>District Judge Dale Kimball<br><br>Magistrate Judge Brooke Wells |
|---|---|

      This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A).[1] Pending before the undersigned is Defendant L.L. Bean, Inc.'s short form discovery motion.[2] L.L. Bean seeks a "full response to two interrogatories"[3] issued to Plaintiff Alfwear, Inc. The court will grant Defendant's motion.

      This matter involves a trademark dispute and centers on the mark THE OUTSIDER. Plaintiff claims Defendant violated its protection in this mark using the word OUTSIDER and the phrase BE AN OUTSIDER in connection with clothing.[4]

      Defendant seeks a complete response to Interrogatory No. 2 and Interrogatory No. 13. Under Federal Rule of Civil Procedure 26 a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …."[5] With these standards in mind the court turns to the individual discovery requests at issue.

---

[1] ECF No. 20.

[2] ECF No. 34.

[3] Mtn. p. 1.

[4] Complaint ¶ 6-8.

[5] Fed. R. Civ. P. 26(b) (2018).

## I. Plaintiff is ordered to provide a further answer to Interrogatory No. 2.

Interrogatory No. 2 states: "For each product identified in Your response to Interrogatory No. 1, identify the specific time period during when such product was sold or advertised under "THE OUTSIDER" mark."[6] Alfwear responded as follows:

> "Alfwear objects to this interrogatory as unduly burdensome and not proportional. The documents to which Alfwear refers in answering Interrogatory No. 1 identify many products. Alfwear will not identify the specific time period for each UPC number. Subject to and without waiving the forgoing objections, Alfwear answers as follows. In or around May 2015, Alfwear met with REI representatives and discussed a new style of pant to be called THE OUTSIDER. Alfwear currently sells or advertises THE OUTSIDER pant. Alfwear began selling or advertising the OUTSIDER short by at least April 28, 2016 and currently sells or advertises the OUTSIDER short. Alfwear began selling the OUTSIDER jacket by at least May 17, 2013. Alfwear began advertising the OUTSIDER jacket to REI by at least November 15, 2012. Alfwear sold the OUTSIDER jacket through at least February 2, 2015 and from at least October 14, 2017 to December 29, 2017.7"

L.L. Bean takes issue with Alfwear's answer arguing that it provided some information "but refused to provide a complete answer about the critical *first* product it sold and/or advertised under this mark—THE OUTSIDER pants—instead disclosing only that it 'discussed a new style' of pants 'to be called' THE OUTSIDER in meeting with a potential distributor in May of 2015."[8] In response, Alfwear argues it answered the Interrogatory and Defendant's disagreement is with the substance of the answer. Alfwear futher asserts that in answering Interrogatory No. 3 it provided "invoice reports showing all sales of THE OUTSIDER pant."[9]

---

[6] Mtn. Ex. A p. 6, ECF No. 34-1.

[7] *Id.* p. 6-7.

[8] Mtn. p. 2.

[9] Op. p. 2, ECF No. 35.

Here, the parties have a fundamental disagreement about what constitutes advertising. Alfwear answered from the point of view that it advertised THE OUTSIDER pant to a distributor when it "discussed a new style of pant." In contrast, L.L. Bean requests when the pant was advertised and/or sold not just "discussed." The undersigned need not resolve the parties' dispute about what constitutes an advertisement at this stage of the discovery process. A close reading of Alfwear's answer demonstrates a difference in the answer given about THE OUTSIDER pant and the other OUTSIDER items. As such, the court ORDERS Alfwear to supplement its answer about THE OUTSIDER pant to include more than a date for the discussion of a new style. The Interrogatory is not unduly burdensome, is relevant and is proportional to the needs of the case.

## II. Plaintiff is ordered to provide a response to Interrogatory No. 13.

Interrogatory No. 13 provides: "Identify the basis for the representation to the U.S. Patent & Trademark Office that "THE OUTSIDER" mark was used in commerce as of June 22, 2015."[10] Alfwear responded, "Alfwear objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege. Alfwear also objects that this interrogatory seeks irrelevant information."[11]

L.L. Bean argues that it "simply seeks the factual basis for the asserted first use date, made in a verified statement to the USPTO and asserted again to *this court* in Alfwear's complaint"[12] alleging that this is not privileged information. The court agrees that the information sought by L.L. Bean is not privileged. In *Upjohn Co. v. United States*, the Supreme Court reasoned that the attorney-client privilege

---

[10] Mtn. Ex. A p. 14, ECF No. 34-1.

[11] *Id.*

[12] Mtn. p. 2-3.

"only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:

'[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.'"[13]

Thus, the factual basis for the asserted first use date is not protected by the attorney-client privilege.

Further, the court finds this information relevant at this stage of the litigation despite Alfwear's arguments to the contrary. The mere fact that the first use is immaterial to a registration application does not preclude the discovery of the information at the broader relevancy stage of discovery. Alfwears citation to *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*[14] does not persuade the court that the information is irrelevant at this stage of the litigation. Accordingly, Alfwear is to answer Interrogatory No. 13.

---

[13] *Upjohn Co. v. United States*, 449 U.S. 383, 395–96, 101 S. Ct. 677, 685–86, 66 L. Ed. 2d 584 (1981) (quoting *City of Philadelphia, Pa. v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831, (E.D. Pa. 1962)). *See also Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550–51 (10th Cir. 1995) ("[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege.");

[14] 69 F. Supp. 3d 175, 226, 2014 WL 4759945 (D.D.C. 2014).

ORDER

For the foregoing reasons, L.L. Bean's Short Form Discovery Motion to Compel is GRANTED. Plaintiff is ORDERED to provide the discovery responses within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 13 August 2018.

Brooke C. Wells
United States Magistrate Judge